# In the United States Court of Federal Claims

No. 18-1828T
(Filed: May 16, 2019)

```
****************************************
                                        *
WILLIAM P. JACKSON,                     *
                                        *   Tucker Act; Subject Matter Jurisdiction; Tax;
              Plaintiff,                *   Motion to Dismiss; Tax Refund; Wrongful Levy;
                                        *   Defamation; Intentional Infliction of Emotional
        v.                              *   Distress; Fifth Amendment Taking; Due Process;
                                        *   Tort.
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
****************************************
```

*William P. Jackson*, Stark City, MO, *pro se*.

*Sophia Siddiqui*, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, for Defendant.

## OPINION AND ORDER

**DAMICH**, Senior Judge.

On November 6, 2018, Plaintiff, William P. Jackson ("Mr. Jackson"), acting *pro se*, filed a Complaint with this Court alleging that the United States, or a contractor of the United States, placed a "fraudulent Notice of Federal Tax Liens" on his property, which caused him to lose a large client and caused his business sales to drop. Compl. at 1–2. Mr. Jackson seeks damages of $2,663,312.30. Compl. at 3.

On February 28, 2019, Defendant, the United States ("the Government"), filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 10. On March 26, 2019 Mr. Jackson filed his response. ECF No. 11. On April 12, 2019, the Government replied.[1] ECF No. 12.

---

[1] On May 1, 2019, the Court dismissed Plaintiff's complaint pursuant to RCFC Rule 41 because Plaintiff failed to pay the mandatory filing fee or file an application to proceed *in forma pauperis*. On May 13, 2019, the Court received Plaintiff's filing fee. Therefore, on May 16, 2019, the Court granted Plaintiff's motion to reopen the case.

For the reasons set forth below, the Court **GRANTS** the Government's Motion to Dismiss.

## I.    FACTS

Mr. Jackson failed to file or pay his federal income taxes for tax years 1998 through 2002. On April 2, 2008, the Internal Revenue Service (IRS) filed a notice of federal tax lien against Plaintiff for unpaid tax liabilities from 1998 through 2002, totaling $1,406,363.23. Compl., Ex. A-1. On August 18, 2016, the Government filed suit in the United States District Court for the Western District of Missouri seeking to reduce to judgment the assets of the federal tax lien, plus penalties and interest for tax years 1998 through 2002, totaling $2,663,312.30, and seeking to resolve clouds on the title of four pieces of real estate that Plaintiff transferred to other entities. *United States v. Jackson,* No. 3:16-cv-05096 (W.D. Miss. August 18, 2016).

On August 22, 2016, the Newton County News published an article summarizing the proceedings in the Western District of Missouri. Compl., Ex. D.

On February 23, 2018, the Western District of Missouri partially granted the government's motion for summary judgment, holding that the United States was entitled to judgment as a matter of law against plaintiff for taxes, penalties and interest for tax years 1998 through 2002 in the amount of $1,221,608. Def.'s Mot., Ex. 6 (Final Order).

On July 23, 2018, 150 days after the District Court's final order, Mr. Jackson filed a complaint with the Tax Court contesting his tax liabilities for years 1993 to 2018. Def. 's Mot., Ex. 7 (Tax Court Petition). On October 4, 2018, the Tax Court dismissed Mr. Jackson's petition for failure to comply with the timeliness requirements of I.R.C. § 6213(a) (setting forth a 90-day period to petition the Tax Court for a redetermination of a deficiency), and I.R.C. § 6330(d)(1) (setting forth a 30-day period to seek review of a Collection Due Process determination). Def.'s Mot., Ex. 8 at 1–2.

On November 14, 2018, Plaintiff filed suit in this Court.[2]

## II.   LEGAL STANDARDS

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for*

---

[2] This complaint is one of 11 nearly identical *pro se* actions filed since November 2018. These actions all allege that the IRS lacks jurisdiction to collect income taxes from these plaintiffs and that no deficiency notice was ever provided by the IRS, contain an order from the U.S. Tax Court dismissing the plaintiffs' petitions for lack of jurisdiction, and include a form for "Claim for Damage, Injury, or Death."

2

*a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491. The Tucker Act limits this Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify a "money-mandating" source of law to support a claim for money damages. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

### III. DISCUSSION

In his complaint, Mr. Jackson alleges that the IRS filed "fraudulent" federal tax liens that damaged his business reputation, caused him emotional distress, and violated his due process rights. Additionally, Mr. Jackson claims that he was defamed by the local news story that summarized the proceedings against him in the Western District of Montana.

As best the Court can discern, Mr. Jackson appears to base his claims on the following theories: (1) tax-refund; (2) tort; (3) a Fifth Amendment takings; and (4) due process. The Government contends that the Court lacks subject matter jurisdiction to hear any of Mr. Jackson's claims. For the reasons set forth below, the Court agrees that subject matter jurisdiction is lacking.

#### A. The Court Lacks Jurisdiction Over Plaintiff's Tax Refund Claims Because Plaintiff Did Not Pre-Pay His Back Taxes

Mr. Jackson alleges that the IRS filed "fraudulent" tax liens that damaged him. As Mr. Jackson's complaint principally challenges the IRS tax lien and seeks $2,663,312.30 in damages, which is the precise amount sought by the Government in the Western District of Missouri action,[3] it appears that Mr. Jackson is alleging that this Court has jurisdiction on the basis of a tax refund suit.

Under the Tucker Act, the Court of Federal has jurisdiction over tax refund suits if certain prerequisites are met.[4] *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4

---

[3] The Western District of Missouri awarded the Government only $1,221,608.

[4] The jurisdiction of the Court of Federal Claims under the Internal Revenue Code is generally limited to the adjudication of tax refund suits. *Zolman v. United States*, No. 15-1116T, 2015 WL 7266624, at *1 (Fed. Cl. Nov. 12, 2015).

3

(2008). First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full. *See Shore v. United States*, 9 F.3d 1524,1526–27 (Fed. Cir. 1993); *see also Flora v. United States*, 357 U.S. 63, 68 (1958). Second, the plaintiff must timely file a tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . ."). Third, the plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim when filing suit in the Court of Federal Claims. RCFC 9(m). Unless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit.

In this case, refund-suit jurisdiction cannot be established because Mr. Jackson has offered no evidence to suggest that he has pre-paid his back taxes; a necessary pre-requisite for this Court to have jurisdiction as required by the "full payment rule." *Flora*, 357 U.S. at 68. Moreover, the Government has provided Mr. Jackson's tax transcripts for each year in question, which show outstanding tax, penalties, and interest. Def. Mot., Ex. 1-5. "Under the full payment rule, a court's jurisdiction over tax refund claims is limited to only those claims where the taxpayer has fully paid all taxes assessed for the tax year at issue prior to the initiation of the claim." *Simmons v. United States*, 127 Fed. Cl. 153, 159 (2016) (citing *Flora*, 357 U.S. at 68). Therefore, because Mr. Jackson has not satisfied the full payment rule—the first prerequisite to tax refund jurisdiction—the Court does not possess subject matter jurisdiction on the basis of a tax refund suit.[5]

### B. The Tucker Act Precludes Jurisdiction Over Claims Sounding in Tort

Mr. Jackson also identifies claims against the Government for damages stemming from the federal tax lien, including: (1) loss of business income, (2) defamation, and (3) intentional infliction of emotional distress. Compl. at 1–3. Under the Tucker Act, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort*. 28 U.S.C. § 1491(a) (emphasis added). Here, Mr. Jackson's allegations concerning loss of business income, defamation,[6] and intentional infliction of emotional distress all "sound in tort." Consequently, the Court lacks jurisdiction to hear Mr. Jackson's claims in this regard.[7] *See* 28 U.S.C. § 1491(a).

---

[5] Although the Court need not reach this issue, refund-suit jurisdiction is also lacking because Plaintiff failed to file an administrative claim for refund before filing suit. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard.").

[6] To the extent Mr. Jackson alleges he was defamed by the Newton County News, the Court lacks jurisdiction to hear such a claim as the Newton County News is a private organization; rather than a part of the United States Government.

[7] To the extent Mr. Jackson's claims can be construed as wrongful levy claims, the Court lacks jurisdiction as district courts possess exclusive jurisdiction over such suits. *See* 26 U.S.C. §§ 7426(a)(1), 7432(a), 7433(a).

### C. The Alleged Constitutional Deprivations Are Not Money Mandating

Mr. Jackson also alleges that the United States created a "counterfeit security" by filing a Notice of Federal Tax Lien. Compl., ¶¶ 3, 4. Mr. Jackson further contends that he was deprived of Due Process by the IRS's filing of the federal tax lien. Mr. Jackson also submitted a "Claim for Damage, Injury, or Death" form, which largely repeats the allegations contained in his complaint. *See* Compl. Ex. 1 at 2 (Claim for Damage Injury, or Death). Therefore, it appears that Mr. Jackson seeks relief for a taking under the Just Compensation Clause of the Fifth Amendment to the Constitution and a violation of Due Process. *See* U.S. Const. amend. V.

The Tucker Act empowers the Court of Federal Claims to hear claims asserted under the Just Compensation Clause of the Fifth Amendment. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . ."). However, for the Court to possess jurisdiction over a takings claim, the "claimant must concede the validity of the government action which is the basis of the taking claim." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993); *see also Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1329–32 (Fed. Cir. 2006) (holding that in a takings case, the court assumes that the underlying action was lawful and decides only whether the governmental action in question constituted a taking for which compensation must be paid). Moreover, unauthorized acts by federal officials constitute torts, not takings. *See Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988); *see also Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998) ("A compensable taking arises only if the government action in question is authorized."). Finally, it is well established that "the lawful exercise of the Government's tax collection powers does not amount to a taking." *U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *see First Atlas Corp v. United States*, 23 Cl. Ct. 137, 141 (1991), *aff'd per curiam*, 954 F.2d 733 (Fed. Cir. 1992) (concluding that "the filing of a notice of a lien, standing alone, does not constitute a taking").

Here, Mr. Jackson characterizes the IRS's actions as "fraudulent," which means he is contesting the validity of the government action. Consequently, the Court lacks jurisdiction over Mr. Jackson's takings claim because the "claimant must concede the validity of the government action which is the basis of the takings claim." *See Tabb Lakes*, 10 F.3d at 801–03. Moreover, to the extent Mr. Jackson is alleging that the IRS acted without authorization in filing the notice of the federal tax lien, such an action would constitute a tort. As explained above, the Court of Federal Claims lacks jurisdiction over claims sounding in tort. *See* 28 U.S.C. § 1491(a).

Finally, to the extent Mr. Jackson is alleging that the Government did not adhere to procedural due process requirements of the Constitution, this Court would still lack jurisdiction because the Tucker Act requires that any viable claim be "money mandating." *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Accordingly, the Court lacks jurisdiction to hear Mr. Jackson's due process claims.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Government's motion to dismiss. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                             _____
                                             NANCY B. FIRESTONE
                                             Senior Judge
                                             for
                                             EDWARD J. DAMICH
                                             Senior Judge